UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL CAMPOS,

      Plaintiff,

                                   CASE NO.:

vs.

PRO JAX ROOFING, INC., a Florida Profit
Corporation, SHERRI PROVENCAL,
Individually, MICHAEL PROVENCAL,
Individually, and STEPHEN WHITAKER,
Individually,

      Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DANIEL CAMPOS, ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, PRO JAX ROOFING, INC, a Florida Profit Corporation, SHERRI PROVENCAL, Individually ("S. PROVENCAL"), MICHAEL PROVENCAL, Individually ("M. PROVENCAL"), and STEPHEN WHITAKER ("WHITAKER"), Individually, (collectively "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions alleged in this Complaint

1

took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Duval County, Florida.

5. At all times material to this action, Defendant PRO JAX ROOFING, INC., was, and continues to be, engaged in business in Florida, doing business in Duval County.

6. Upon information and belief, at all times material to this action, Defendant S. PROVENCAL, was and continues to be a resident of Duval County, Florida.

7. Upon information and belief, at all times material to this action, Defendant M. PROVENCAL, was and continues to be a resident of Duval County, Florida.

8. Upon information and belief, at all times material to this action, Defendant WHITAKER, was and continues to be a resident of Duval County, Florida.

9. At all times material to this action, Defendant S. PROVENCAL, acted as President/Director of PRO JAX ROOFING, INC, and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of PRO JAX ROOFING, INC.

10. At all times material to this action, Defendant M. PROVENCAL, acted as a Supervisor of PRO JAX ROOFING, INC, and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of PRO JAX ROOFING, INC.

11. At all times material to this action, Defendant WHITAKER, acted as Vice President/Secretary of PRO JAX ROOFING, INC, and regularly exercised the authority to (a)

hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of PRO JAX ROOFING, INC.

12. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of PRO JAX ROOFING, INC; (b) determine the work schedules for the employees of PRO JAX ROOFING, INC; and (c) control the finances and operations of PRO JAX ROOFING, INC, Defendant, S. PROVENCAL is an employer as defined by 29 U.S.C. §201 *et. seq.*

13. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of PRO JAX ROOFING, INC; (b) determine the work schedules for the employees of PRO JAX ROOFING, INC; and (c) control the finances and operations of PRO JAX ROOFING, INC, Defendant, M. PROVENCAL is an employer as defined by 29 U.S.C. §201 *et. seq.*

14. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of PRO JAX ROOFING, INC; (b) determine the work schedules for the employees of PRO JAX ROOFING, INC; and (c) control the finances and operations of PRO JAX ROOFING, INC, Defendant, WHITAKER is an employer as defined by 29 U.S.C. §201 *et. seq.*

15. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

16. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

17. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

18. At all times material to this action, PRO JAX ROOFING, INC was, and

continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendant PRO JAX ROOFING, INC, was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

20. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, telephones, and materials used in roofing work.

21. At all times material hereto, the work performed by the Plaintiff, and those similarly situated, was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. Plaintiff was hired to work for Defendants beginning in or around 2009, as a manual laborer. Plaintiff worked on-and-off for a period of time, before working continuously from at least 2016 to the end of his employment in March 2019.

23. Defendants employed Plaintiff as a non-exempt, piece-rate paid employee.

24. Plaintiff's duties included construction work, removing and replacing roofs, and all tasks related to roofing.

25. Plaintiff was paid a piece-rate for his work.

26. Plaintiff worked for Defendants in excess of forty (40) hours within one or more workweeks.

27. From the beginning of his employment through March 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours

4

worked in excess of forty (40) hours in a single workweek.

28. Plaintiff was paid only his piece-rate, with no overtime premiums, for overtime hours.

29. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

30. Defendants have violated Title 29 U.S.C. § 207 from at least 2009, to March 2019, in that:[1]

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks during his periods of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rates of pay for all hours worked in excess of forty (40) hours per workweek; and

    c. Defendants failed to keep accurate time records reflecting Plaintiff's hours worked.

31. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or should have known with reasonable diligence, that payment of overtime premiums for all hours over forty (40) worked in each workweek was required.

32. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

---

[1] Plaintiff can only recover for the three year period preceding this lawsuit. However, Defendants have violated the law throughout his employment.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff re-alleges paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34. From the beginning of his employment through March 2019, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35. Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

36. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

37. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

38. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

39. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

40. WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 27th day of August, 2019.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd, 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*
